# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN L. HARZ | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | **Civil Action No:** |
| | § | |
| DENTON COUNTY, TEXAS, DENTON | § | _____ |
| COUNTY SHERIFF'S DEPUTIES | § | |
| DAVID E. LINNEL,  S. HICKS, | § | |
| CHARLES H. CRAFT, JESSE D. | § | |
| WYMAN, and JOHN DOE, | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiff, and brings this action under the United States Constitution and pursuant to 42 U.S.C. § 1983 to vindicate his rights, privileges and immunities secured to him by the First and Fourth Amendments of the United States Constitution, and files this, his Original Complaint.

## JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction is conferred upon by this Court under and by 28 U.S.C. Sections 1331 and 1343.

2.      Venue is proper in the Eastern District of Texas upon 28 U.S.C. Section 1391 as all actions of which Plaintiffs complain occurred in Denton County, Texas.

3.      Plaintiff, STEPHAN L. HARZ, is a citizen of the United States and within the jurisdiction of this Court.

4.      Defendant DENTON COUNTY, TEXAS (hereafter Defendant "County" or "Denton County Sheriff's Department"), is a sub-division of the State of Texas.  Defendant may be served with summons by serving its County Judge, Ms. Mary Horn, at Denton County Courthouse, 110 West Hickory Street, 2nd fl., Denton, Texas, 76201-4168, telephone 940.349.2820.

5.      Defendant DAVID E. LINNELL (hereafter "Linnell") was an employee, agent or servant of the Denton County Sheriff's Department, and was acting under the color of state law. Defendant Linnell is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, Denton County Sheriff's Department, at 127 North Woodrow Lane, Denton, Texas, 76205; telephone 940.349.1600 or 343.5500.

6.      Defendant S. HICKS (hereafter "Hicks") was an employee, agent or servant of the Denton County Sheriff's Department, and was acting under the color of state law.  Defendant Hicks is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, Denton County Sheriff's Department, at 127 North Woodrow Lane, Denton, Texas, 76205; telephone 940.349.1600 or 343.5500.

7.      Defendant CHARLES H. CRAFT (hereafter "Craft") was an employee, agent or servant of the Denton County Sheriff's Department, serving at all times relevant as a supervisor, and was acting under the color of state law.  Defendant Craft is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, Denton County Sheriff's Department, at 127 North Woodrow Lane, Denton, Texas, 76205; telephone 940.349.1600 or 343.5500.

8.      Defendant JESSE D. WYMAN (hereafter "Wyman") was an employee, agent or servant of the Denton County Sheriff's Department, and was acting under the color of state law. Defendant Wyman is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, Denton County Sheriff's Department, at 127 North Woodrow Lane, Denton, Texas, 76205; telephone 940.349.1600 or 343.5500.

9.      Defendant JOHN DOE (hereafter "Doe") was an employee, agent or servant of the Denton County Sheriff's Department, and was acting under the color of state law.  Defendant Doe is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, Denton County Sheriff's Department, at 127 North Woodrow Lane, Denton, Texas, 76205; telephone 940.349.1600 or 343.5500.


**FACTUAL ALLEGATIONS**

10.     At all times relevant, Stephen L. Harz was a 24 year old single man, and living in Denton County, Texas.  Prior to the encounter with Denton County Sheriff's deputies the afternoon of April 16, 2014, Stephen L. Harz had only minimal contact with law enforcement, primarily for traffic related violations.  Mr. Harz has received a U.S. Government security clearance, has no arrest record and no history of exhibiting violence or aggression towards law enforcement officers or others.

11.     Prior to the events complained of, Mr. Harz had experienced a number of unwarranted encounters with Defendant Linnell, for which he filed a complaint with the Denton County Sheriff's Office Internal Affairs section on March 31, 2014.

12.     In addition, Defendant Linnell had issued Mr. Harz a citation for his trailer after directing Mr. Harz to move the same trailer.  This matter occurred on April 13, 2014 and for which Mr. Harz was to appear in court that same (April 16, 2014) evening, presumably with Defendant Linnell.

13.     In the early afternoon of April 16, 2014, Mr. Harz was in the process of leaving his home when he observed a Denton County Sheriff's vehicle enter on his street at a high speed and proceed away from his home.  The vehicle was travelling faster than the posted speed limit, but did not have its emergency lights or siren activated.  As the Sheriff's vehicle turned the corner, he recognized the driver of the Sheriff's vehicle as Defendant Linnell.  Mr. Harz was alone in his pickup.

14.     Mr. Harz decided to follow the Sheriff's vehicle to see what the emergency was and as was his norm, he started his in-car video camera.  He observed Defendant Linnell's car pulling away and as he maintained the speed limit, lost sight of him until he observed Linnell at another location.  Mr. Harz proceeded to the next location he could safely turn around.  Upon returning to the road, he observed Defendant Linnell stopped alongside the road and as he approached, Defendant Linnell abruptly entered onto the roadway and drove off again at a high rate of speed. This happened another time or two when Mr. Harz observed Defendant Linnell turn onto a residential street and as he turned onto the street, he saw Defendant Linnell again pulled over off the roadway.  Mr. Harz pulled over to observe what was going on.

15.     The in-car video camera had captured all that Mr. Harz had seen, along with the erratic driving of Defendant Linnell at high speed.

16.     After approximately five minutes, Mr. Harz had not observed any activity and decided to continue with his errands as he originally planned to do.

17.     Unbeknownst to Mr. Harz, Defendant Linnell had reported to Dispatch that he was being followed by a suspicious vehicle as he was on close patrol.  Defendant Linnell did not disclose at this time that he had recognized Mr. Harz and the pickup Mr. Harz was driving in.  It would not be until Mr. Harz had been dragged from his pickup at gunpoint and then secured in the back of a Sheriff's vehicle that he had recognized him as someone who had filed a complaint against him and with whom he was to meet in court that night.

18.     As Mr. Harz reached the end of the street, he was stopped by an oncoming Denton County Sheriff's vehicle.  Upon information and belief, this Sheriff's vehicle was operated by Defendant Hicks.  Defendant Hicks exited the Sheriff's vehicle and ordered Mr. Harz to show his hands.

19.     As Defendant Hicks approached his vehicle, Mr. Harz turned his pickup off, placed the keys on top of the dash and grabbed his cell phone.  As Defendant Hicks approached demanding he show his hands, Mr. Harz placed his right hand on the top of the steering wheel and with his left, dialed 911 and raised his left hand to his left ear, adjacent to the driver's side door.  Defendant Hicks draws his weapon and points it in Mr. Harz's direction, at a low ready.  Mr. Harz is simultaneously informing the Dispatch operator he's speaking with of what is occurring. Both of his hands are visible, one at the top of the steering wheel and the second next to his ear, as he speaks to Dispatch.  Mr. Harz has asked Dispatch to send a supervisor to his location.

20.     Dispatch has also advised Mr. Harz to remain in the pickup, as a supervisor is on the way.

21.     A second Sheriff's vehicle approaches the Harz pickup and then a third.  A senior deputy approaches the Harz pickup from the passenger's side and with weapon drawn and pointed into the cab of the pickup, at Mr. Harz. The senior deputy is Defendant Charles Craft, a corporal.

22.     Mr. Harz informs Dispatch that he is in fear as two officers have weapons pointed at him.

23.     Both Defendants Hicks and Craft demand that Harz exit the vehicle after arguing with him that he is not showing his hands.  Defendant Craft tells Defendant Hicks to get him out and Defendant Hicks, without removing Mr. Harz's seat belt, drags Mr. Harz from the cab of  his pickup and secures him.  In the process of dragging him from the cab, Mr. Harz suffered serious injury to his back, which was not discovered until later.  Once Mr. Harz is secured by Defendant Hicks, he is hand-cuffed and almost immediately, Mr. Harz begins to complain of the hand-cuffs being too tight.

24.     Mr. Harz's pickup is searched, despite his protestations that they do not have permission to search his pickup.

25.     In the interim, a fourth Sheriff's vehicle arrives and then Defendant Linnell then drives up to where Mr. Harz was stopped by the other deputies.  There is an extended period of time where there is discussion between the Sheriff's deputies and in trying to understand what has taken place.  During this extended period, Mr. Harz continues to complain, at separate times, to both Defendants Hicks and Craft that the handcuffs are too tight.  Both Defendants tell Mr. Harz it is too bad.  Defendant Hicks tells specifically comments that as Mr. Harz wasn't compliant, he wasn't going to be compliant as he (Hicks) walked off.  Defendant Craft simply ignored Mr. Harz's pointed complaints about the hand-cuffs.

26.     During the extended period of time discussing what has taken place, Defendant Linnell states that he knows Harz and recognized him earlier.

27.     Mr. Harz tells the deputies that he has his following of Defendant Linnell recorded and can show what he had been doing and where he was.  Defendants Craft and Wyman accompany Mr. Harz to his residence so that they may view the recording.  As the recording is being downloaded for viewing, one of the deputies orders Mr. Harz to stop and give them/him the SIM

card.   Defendant Wyman takes possession of the SIM card from Mr. Harz.   Within approximately 20 minutes from leaving with the SIM card, Defendant Wyman returns and states that the SIM card is corrupted and there is no data; and then leaves.  Mr. Harz was never arrested nor charged for having following Defendant Linnell.

28.     Mr. Harz attempts to access the recording on the SIM card and there is no data.  The SIM card appeared to him to have been re-formatted.

29.     The aforementioned acts of Defendants Hicks, Craft, Wyman and Linnell were willful, wanton, malicious oppressive and done with reckless indifference to and/or callous disregard for the rights of Stephen L. Harz.  Defendants Hicks and Craft for the excessive force, Defendant Wyman for the unlawful seizure and destruction of material evidence, and Defendant Linnell for misrepresenting facts so as to retaliate for Harz's actions in filing an Internal Affairs complaint three days earlier.  The actions of these Defendants justify an award of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30.     By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance in the instant action so that he might vindicate the use of excessive force and unlawful seizure of his SIM card in violation of his Fourth Amendment rights, as well as the impairment of his First Amendment right by Defendant Linnell to take action intended to chill his right to petition for redress of grievances as to Linnell.   By reason thereof, Plaintiffs request payment by Defendants of reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF's AGAINST HICKS, CRAFT and DOE**
**For EXCESSIVE FORCE**

31.     Plaintiff hereby incorporates and re-alleges paragraphs (1) through (30) as though fully set forth at length herein.

32.     During and after Stephen L. Harz's seizure, Hicks, Craft and Doe used excessive force against Stephen L. Harz's person.   Defendant Hicks in the manner in which he forcibly dragged Mr. Harz from his cab without releasing his seat belt, resulting in substantial injury to his back. Defendants Hicks, Craft and Doe in failing to adjust the handcuffs securing Mr. Harz, resulting in his suffering physical pain and injury.

33.     There was no legal cause for Hicks, Craft or Doe to use force against Stephen L. Harz in the manner complained of.

34.     By reason of Hick's, Craft's and Doe's actions and inactions, Stephen L. Harz was deprived of rights, privileges, immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.  The physical violence inflicted upon Stephen L. Harz was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth Amendment Rights.  Therefore, defendants, and each of them, jointly and severally, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF'S AGAINST WYMAN**
**For UNLAWFUL SEIZURE OF THE SIM CARD**

35.     Plaintiff hereby incorporates  and re-alleges paragraphs (1) through (30) as though fully set forth at length herein.

36.    There was no legal cause for Defendant Wyman to seize and then destroy the contents of data on Mr. Harz's SIM card.

37.    As a result of the loss of the data, Mr. Harz's ability to evince his lawful actions and the unlawful ones of Defendant Linnell were materially compromised.  Mr. The physical violence inflicted upon Stephen L. Harz was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth Amendment Rights.  Therefore, defendants, and each of them, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST LINNELL for
## RETALATION FOR FILING A GREIVANCE

38.    Plaintiffs hereby incorporate and re-allege paragraphs (1) through (30) as though fully set forth at length herein.

39.    Defendant Linnell was aware that Mr. Harz had filed a complaint against him three days prior to the events that developed and are complained of in this pleading.  Defendant Linnell's action in reporting that he was being followed by a suspicious vehicle that was following him around, without divulging that he recognized the vehicle and knew the identity of the vehicle's driver, set the stage for a possible violent confrontation as fellow officers raced to his protection.

40.    Defendant Linnell is accused of using his 16 years of law enforcement experience and understanding of the protective nature of  his fellow officers to create a scenario that would be confrontational in nature and possibly threatening to Mr. Harz.  The intended purpose was to chill and halt Mr. Harz's complaints as to his harassment of Mr. Harz and unlawful conduct.

41.    The conduct of Linnell was objectively unreasonable and undertaken intentionally with malice, willfulness, and a deliberate indifference to the rights of Stephen L. Harz.

## COUNT IV
## PLAINTIFFS AGAINST DENTON COUNTY
## For MONELL LIABILITY

42.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (30) as though fully set forth at length herein.

43.     The misconduct of Defendants Hicks, Craft, Doe, Wyman, and Linnell was undertaken pursuant to the policies and practices of the Denton County Sheriff's Department in that as a matter of both policy and practice, the Denton County Sheriff's Department directly encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

44.     As a matter of policy and practice, the Denton County Sheriff's Department facilitates the very type of misconduct at issue by failing to investigate, and adequately punish and discipline prior instances of similar misconduct, thereby leading Denton County Sheriff's deputies to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Stephen L. Harz.  Specifically, Denton County Sheriff's deputies accused of excessive force and/or violations of civil rights can be confident that they will not be investigated in earnest, and will refuse to recommend discipline or if required, to enforce discipline even where the Officer has engaged in excessive force or otherwise violated the civil rights of citizens.

45.     Denton County Sheriff and his Chief Deputy are aware of, and condone and facilitate by their inaction, the failure of Denton County Sheriff's Department to properly investigate and discipline officers who have engaged in excessive force or otherwise violated the civil rights of citizens.

46.     Plaintiffs allege that these customs, policies and training deficiencies, described above,

were contributing factors behind the violation of Stephen L. Harz's rights.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, Denton County is liable for the harm done to Stephen L. Harz as set forth above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, by and through their attorney, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, medical and funeral expenses in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney fees and expenses pursuant to Section 1988 of Title 42 of the United State Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants, other than Denton County, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs  of the suit herein incurred; and

6. That the Plaintiff has such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated:  15th day of April, 2016.

Respectfully submitted,


  /s/ David D. Davis
David D. Davis
State Bar No. 00790568

LAW OFFICE OF DAVID D. DAVIS, PLLC
P.O. Box 542915
Grand Prairie, Texas 75054-2915
972.639.3440 Telephone
972.639.3640 Facsimile
ddd@dddavislaw.net